# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

GIOVANNI MARTINEZ,

        Petitioner/Defendant,

v.

UNITED STATES OF AMERICA,

        Respondent/Plaintiff.

Case No. CIV-11-056-RAW
(Underlying Case No. CR-09-030)

## ORDER

Before the court is Giovanni Martinez's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct sentence [Docket No. 1] and his motion for preservation of rights [Docket No. 10]. On March 18, 2009, Petitioner was charged in an Indictment with: (Count One) possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); (Count Two) possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A); and (Count Three) felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).

On May 28, 2009, Petitioner entered a plea of guilty and signed a plea agreement whereby the second count of the Indictment was dismissed. Petitioner pled guilty to possession with intent to distribute cocaine and felon in possession of a firearm. The plea agreement signed by Petitioner included the stipulation that the defendant was a Career Offender as contemplated by U.S.S.G. § 4B1.1 and an offense level of 34 pursuant to §4B1.1(b)(B) applies. The plea agreement also stated that Petitioner understood that the maximum possible imprisonment penalty was not more than 30 years for count one and less than 15 years for count three.

Petitioner waived his appellate and post-conviction rights, including the right to attack his conviction pursuant to 28 U.S.C. § 2255, except for claims based on ineffective assistance of counsel that challenge the validity of the guilty plea or his waiver of these rights.

At the change of plea hearing, the Government's attorney stated that the preliminary estimate of the possible sentence under the sentencing guidelines was 188 to 235 months. Petitioner and his attorney both stated that the Government's estimate was their understanding as well. Petitioner then entered his plea of guilty.

The United States Probation Office (hereinafter "Probation Office") prepared a Pre-Sentence Report (hereinafter "PSR") that calculated the sentencing range of 37 to 46 months or 188 to 235 months if sentenced as a Career Offender. The Government then forwarded to the Probation Office a lab report showing that the substance was cocaine base. The Probation Office then revised the PSR. The resulting sentencing range was 140 to 170 months or 188 to 235 months with the Career Offender enhancement.

On February 10, 2010, the court found Petitioner a Career Offender and sentenced him to imprisonment for a term of 188 months on Count One and 120 months on Count Three, the terms to run concurrently. The court also ordered that Petitioner be placed on supervised release following imprisonment and ordered him to pay a special assessment. The sentence Petitioner received was at the low end of the guideline range.

Petitioner did not file an appeal. Petitioner filed this timely § 2255 motion, arguing that on October 1, 2009, the Government breached the plea agreement by requesting to have the PSR revised to reflect that the cocaine was "cocaine base." He maintains that this revision changed the guideline calculation. He argues that his counsel was ineffective for not objecting to the

revision, for not moving to withdraw the plea agreement, and for not raising the breach of the plea agreement on appeal.  He argues that because of the change to his sentence caused by the PSR revision, his plea was not voluntary.  Later, however, he states that he does not wish to withdraw his plea, but to correct what he believes to be a breach of the plea agreement by the Government.  He requests that the court allow him to file a motion pursuant to 18 U.S.C. § 3582(c).

Petitioner stipulated that he was a Career Offender.  As the Government points out, as a Career Offender, Petitioner was subject to the same guideline sentence whether the drug was cocaine or cocaine base.  In fact, at the change of plea hearing, the Government, the Petitioner and Petitioner's attorney all agreed that the sentencing guideline range was the Career Offender range, 188 to 235 months.  Petitioner, therefore, cannot establish that his counsel was deficient or that he was prejudiced in any way by the PSR revision.

To support his ineffective assistance of counsel claim, Petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland v. Washington, 466 U.S. 668, 694 (1984).  It is clear that the change to the PSR did not alter the proceedings in any way; thus, counsel's failure to object to that revision, to move to withdraw the plea agreement, and to raise it on appeal were not ineffective assistance.

Moreover, the Tenth Circuit has held that counsel was not ineffective for failing to object to a PSR's use of cocaine base in calculating a sentence when a drug analyst testified that the drugs seized tested positive for cocaine base.  United States v. Lewis, 288 Fed.Appx. 512, 513-

14 (10th Cir. 2008). Similarly, counsel here was not ineffective for failing to object to the revised PSR's use of cocaine base in calculating the sentence after the lab report showed that the substance was cocaine base.

  Additionally, the court finds that Petitioner knowingly and voluntarily entered the plea agreement. Accordingly, Petitioner's § 2255 motion [Docket No. 1] is hereby DENIED. Petitioner's motion for preservation of rights [Docket No. 10] is also DENIED; of course, Petitioner may file a motion pursuant to 18 U.S.C. § 3582(c)(2) in his criminal action.

  It is so Ordered this 14th day of March, 2012.

_____
Ronald A. White
United States District Judge
Eastern District of Oklahoma